Steven A. Alpert, NV Bar # 8353
PRICE LAW GROUP, APC
5940 S Rainbow Blvd,
Las Vegas, NV 89118
T: (702) 794-2008
F: (866) 401-1457
alpert@pricelawgroup.com
*Attorneys for Plaintiff*
*Natlie Hankerson*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Natlie Hankerson,<br><br>    Plaintiff,<br><br>v.<br><br>Nationwide Capital Services, LLC d/b/a<br><br>Structured Settlement,<br><br>    Defendant. | Case No.: 2:21-cv-01229<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Natlie Hankerson ("Ms. Hankerson" or "Plaintiff"), by counsel, alleges in her Complaint that the Defendant, Nationwide Capital Services, LLC d/b/a Structured Settlement ("NCS" or "Defendant"), has violated the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA").

**INTRODUCTION**

1. This is an individual action brought by a Kentucky consumer alleging statutory damages, actual damages, additional damages as the court may allow as provided in 15 U.S.C. § 1692k(a)(a)(B), attorneys' fees and costs for the defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and the FDCPA, 15 U.S.C. §1682k(d).

## PARTIES

3. Plaintiff Natalie Hankerson is a natural person and a resident of Kentucky. She is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(3).

4. Defendant NATIONWIDE CAPITAL SERVICES (hereafter, "NCS") is a Nevada corporation that regularly conducts business its debt collection business under the moniker "Structured Settlement" throughout the United States. NCS is a limited liability company organized under the laws of Florida and has a principal place of business in Henderson, Nevada.

5. NCS's principal business purpose is the collection of debts.

6. NCS is registered to conduct business with the Kentucky Secretary of State and the Nevada Secretary of State.

7. NCS regularly collects, or attempts to collect, debts owed, or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(6). NCS attempts to collect and does collect alleged debts from consumers in Kentucky and Nevada.

8. NCS is owned and operated by Michael Koren, a resident and citizen of Nevada.

9. Defendant NCS, engages regularly, both directly and indirectly, in the collection of consumer debts; engaged in debt collection activity to extract money from Ms. Hankerson.

## STATEMENT OF FACTS

10. NCS is a debt buyer and debt collector that does business as "Structured

Settlement."

11. NCS, as Structured Settlement, engaged in a months-long campaign to collect an alleged consumer debt from Ms. Hankerson by phone and email despite the fact that she did not owe any money.

12. In or about June of 2020, Ms. Hankerson was contacted by Structured Settlement, falsely claiming that she owed it a debt incurred for personal, family or household purposes pursuant to a loan she obtained from Great Plains Lending, LLC.

13. In or about June of 2020, NCS falsely pressured Ms. Hankerson to pay it $400 or risk negative financial, credit reporting, and reputational consequences.

14. NCS knew that the debt it was attempting to collect was illegal, and that Ms. Hankerson did not owe it because her Great Plains Lending, LLC loans were illegal under Kentucky law and were canceled by the resolution of two class actions: *Gibbs et al., v. Plain Green, LLC*, 3:17CV495 (E.D.Va.) and *In re Think Finance*, No. 17-33964 (N.D. TX).

15. Although NCS knew that Ms. Hankerson did not owe it a debt, it nonetheless extracted $400 from her and continued to contact her to obtain even more money.

16. Throughout July and August of 2020, NCS persisted in contacting Ms. Hankerson by phone and email to get her to pay more money.

17. Ms. Hankerson was in such fear that she was going to be continue to hounded by NCS to pay more money and that the failure to pay was going to negatively impact her, she sought assistance of legal counsel in or about July 2020.

18. In a letter dated July 28, 2020, from legal counsel, on behalf of Ms. Hankerson, explained to NCS that it illegally extracted $400 from her, and that its continuing debt collection attempts were in violation of the class action settlements. The letter contained a demand for

return of the $400 NCS illegally extracted from Ms. Hankerson, as well as damages and attorneys' fees.

19. Despite this letter, NCS continued to contact Ms. Hankerson to collect the debt by email and phone through August of 2020.

20. For example, in an email dated August 5, 2020, NCS wrote to Ms. Hankerson that was captioned as "time sensitive," and was designed to trick Ms. Hankerson into believing that it was an offer to settle the account for "less than the amount owed," when Ms. Hankerson, in fact, owed nothing to NCS.

21. Ms. Hankerson remained in fear that NCS would continue to hound her and extract money from her by calling, leaving voicemails on her phone, and emailing her.

22. The illegal debt collection emails and calls placed by Defendant to Ms. Hankerson occurred within one year preceding the date of this Complaint.

23. The false and threatening statements made by Defendant to Ms. Hankerson were made within one year preceding the date of this Complaint.

24. NCS did not plan nor did it file a lawsuit, or make a report about the alleged debt on Ms. Hankerson's consumer report.

25. The FDCPA was enacted to eliminate abusive, deceptive, and unfair debt collection practices by debt collectors and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)&(e).

26. Congress found that abusive debt collection practices harmed consumers by increasing personal bankruptcy, marital instability, loss of employment, and invasion of privacy.

27. In this case, the abusive collection practice by the Defendant harmed Ms. Hankerson in exactly the way that Congress envisioned in enacting the statute.

28.     Ms. Hankerson suffered loss of money that she did not owe, loss of her time dealing with debt collectors, invasion of her privacy and intrusion upon her seclusion by unwanted communications from Defendant, fear of negative financial and credit reporting impact, necessity to find and engage lawyers, and if she did not pay immediately, she would owe even more money to the debt collector.

29.     As a result of Defendant telling Ms. Hankerson that she would owe even more money, she suffered the physical and emotional effects of that real fear.

30.     The Defendant did not have permission to call Ms. Hankerson, yet it did call her on her cell phone, invading his personal privacy in order to level false threats and to disgrace her.

31.     Defendant knew what it was doing and intended to do so when calling and emailing Ms. Hankerson to annoy and harass her into paying more and more money.

32.     Defendant knew what it was doing and intended to do so when it threatened to take action that could not legally be taken and which it did not intend to take.

## COUNT I
### Violation of the FDCPA, "False or Misleading Representations"
### 15 U.S.C. § 1692e(2)(A)

33.     Ms. Hankerson relies on the facts that she has alleged herein as the basis for Count I.

34.     Defendant violated the FDCPA by falsely representing the legal status of the debt, despite the fact that (1) it was illegal under Kentucky law ab initio, and (2) it had been canceled as a result of the resolution of two class actions.

35.     Defendant made the representations knowingly and with the intent to deceive and coerce the least sophisticated consumer.

36. As a result of Defendant's actions, Ms. Hankerson suffered an injury in fact, including but not limited to economic losses, physical injuries resulting from emotional distress, and lost time from work. She is entitled to recover actual damages, statutory damages, declaratory relief, injunctive relief, attorneys' fees and costs.

## COUNT II
### Violation of the FDCPA, "False or Misleading Representations"
### 15 U.S.C. § 1692e(5) & (10)

37. Ms. Hankerson relies on the facts that she has alleged herein as the basis for Count II.

38. Defendant violated the FDCPA by falsely stating that non-payment of the illegal debt may result in Ms. Hankerson owing even more money, that payment of the illegal debt was "time sensitive," that it would take legal action against her, and that it would harm her credit standing. The representations were made knowingly and with the intent to deceive and coerce the least sophisticated consumer.

39. As a result of Defendant's actions, Ms. Hankerson suffered an injury in fact, including but not limited to physical injuries resulting from emotional distress; economic losses; and lost time from work. She is entitled to recover actual damages, statutory damages, declaratory relief, injunctive relief, attorneys' fees and costs.

## COUNT III
### Violation of the FDCPA, "Harassment or Abuse"
### 15 U.S.C. § 1692d(5)

40. Ms. Hankerson relies on the facts that she has alleged herein as the basis for Count III.

41. Defendant violated the FDCPA by causing Ms. Hankerson's telephone to ring and by leaving her voicemail messages designed to annoy, mislead and harass her into paying

more money.

42. As a result of Defendant's actions, Hankerson suffered an injury in fact, including but not limited to physical injuries resulting from emotional distress; tying up her phone and voicemail; lost time spent listening to the voicemail messages; and emotional distress and mental anguish from the unwanted communication.

43. Ms. Hankerson is entitled to recover actual damages, statutory damages, declaratory relief, injunctive relief, attorneys' fees and costs.  15 U.S.C. § 1692k

**WHEREFORE**, Plaintiff requests the Court enter judgment in his favor and against the Defendant as follows:

A. Declaratory relief that Defendant's conduct violates the FDCPA;

B. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

C. Injunctive relief prohibiting the Defendant's continued conduct in violation of the FDCPA;

D. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692k(a)(3); and

E. Such other or further relief as the Court deems proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted this 29th day of June 2021.

/s/ Steven A. Alpert
Steven A. Alpert, NV Bar # 8353
PRICE LAW GROUP, APC
5940 S Rainbow Blvd,
Las Vegas, NV 89118
T: (702) 794-2008
F: (866) 401-1457
alpert@pricelawgroup.com
*Attorneys for Plaintiff*
*Natlie Hankerson*