Susan M. Rotkis
admitted *pro hac vice*
PRICE LAW GROUP, APC
2290 East Speedway Blvd.
Tucson, AZ 85719
T: (818) 600-5506
F: (818) 600-5406
E: susan@pricelawgroup.com

Steven A. Alpert, NV Bar # 8353
PRICE LAW GROUP, APC
5940 S Rainbow Blvd,
Las Vegas, NV 89118
T: (702) 794-2008
F: (866) 401-1457
alpert@pricelawgroup.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Natlie Hankerson,<br><br>    Plaintiff,<br><br>v.<br><br>Nationwide Capital Services, LLC d/b/a Structured Settlement, and Anthony Guadagna,<br><br>    Defendants. | Case No.: **2:21-cv-01229-JCM-BNW**<br><br>**JOINT MOTION FOR STAY OF DISCOVERY** |

Plaintiff Natlie Hankerson ("Plaintiff"), Defendant Nationwide Capital Services, LLC d/b/a Structured Settlement ("Nationwide"), and Defendant Anthony Guadagna ("Guadagna") (jointly referred to as the "Parties"), by and through their counsel of record, move the Court for a stay of discovery for thirty (30) days following the Court's ruling on Plaintiff's Motions for Clerk's Entry of Default. (Doc 12, 13). In the alternative, the Parties request the Court continue all deadlines in this matter by thirty (30) days. The Parties have in good faith met and conferred both by telephone and in written correspondence in order to discuss these matters and believe

that a brief stay of thirty (30) days will serve the ends of justice and judicial economy.

## I. INTRODUCTION

Plaintiff filed this instant action against Defendants for alleged violations under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for collection on an illegal debt.

## II. RELEVANT FACTUAL BACKGROUND

Plaintiff filed a Complaint on June 29, 2021, and a First Amended Complaint ("FAC") on August 16, 2021. Defendant Nationwide was served with the FAC on August 18, 2021 (doc. 9) and Defendant Anthony Guadagna was served on August 21, 2021. (Doc. 8). Defendants did not timely file Answers.

In accordance with Fed. R. Civ. P. 55(a) and LR 77-1(b)(2). On September 14, 2021, Plaintiff moved for the Clerk of Court's Entry of Default against Defendants Nationwide and Guadagna. (Doc. 10, 11). Defendants filed their Answers and Affirmative Defenses to Plaintiff's FAC and Oppositions to Plaintiff's Motions on September 28, 2021 (doc. 19-21). Plaintiff filed her reply in support of her Motions on October 5, 2021. (Doc. 25, 26). On March 10, 2022, the Defendant sent a consent letter pursuant to Local Rule IA 7-1(a) to inquire about the status of the motion for entry of default.

As of the date of this filing, the Clerk's Entry of Default has not yet been entered or otherwise ruled upon.

In compliance with the local rules that required commencement of a Rule 26(f) conference within 30 days after the Defendants' first appearance, counsel timely conducted the attorney planning conference in compliance with L.R. 26.1(a) and (b) despite the fact there was an unresolved motion for entry of default and leave to file an Answer out of time had not been

granted. The discovery plan was filed and entered by the court. The Parties proceeded in good faith to balance compliance with the rule against conservation of resources pending the decision of the court on the motion for default. The discovery deadline is currently March 22, 2022. The Parties have outstanding discovery that must be completed, including responding to timely propounded written discovery, as well as Defendant's Rule 30(b)(6) and Plaintiff's depositions, and to compel third-party compliance with deposition and document subpoenas.[1]

The Parties have requested a stay for the time being, with discovery to be completed within 30 days following the Court's decision on the Motion for Entry of Default. The Parties jointly request the brief stay, which will harm neither party nor cause to delay the orderly conduct of this matter.

### III. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 26(c), a court may stay discovery only upon "good cause" shown to protect a party from annoyance, embarrassment, oppression, undue burden or undue expense. To determine whether to grant a stay, the Court balances the (1) harm a stay would cause the non-moving party, (2) the harm the moving party would suffer in the absence of a stay, and (3) interests of judicial economy. *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1109 (9th Cir. 2005). A court may also consider whether it is "efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857,

---

[1] The Plaintiff timely served third-party document and deposition subpoenas on Global Trust Management, LLC, ("GTM") a Florida limited liability company. GTM did not object or respond to the document requests as required by Rule 45, nor did it appear for a deposition on March 15, 2022, as commanded in the subpoenas. Thus, Plaintiff must now seek relief in the Middle District of Florida to compel compliance with the subpoenas.

863 (9th Cir. 1979).

## IV. LEGAL ARGUMENT

### A. Discovery should be stayed until the Court addresses the pending Motions for Clerk's Entry of Default (Doc. 11, 12)

Both parties have requested the brief stay of discovery, thus neither party would be prejudiced. There has been no trial scheduled and no decision on the Motion for Entry of Default. If the stay is granted, the discovery period will resume for 30 days *only* in order to conclude the deposition testimony of the rule 30(b)(6) witness and the Plaintiff, to allow the parties to respond to written discovery that has already been propounded, and to seek compulsion of compliance with third-party subpoenas in a distant forum. If the Motion for Entry of Default is granted, the expense of completing this discovery will be obviated.

### B. Good cause to stay discovery exists

While a stay of discovery pending the decision on a dispositive motion is not "a situation that in and of itself would warrant a stay of discovery," in this case, the parties believe that such brief stay would make good sense to conserve the parties' and judicial resources. *Turner Broadcasting Sys., Inc. v. Tracinda Corp.,* 175 F.R.D. 544, 556 (D. Nev 1977) (quoting *Twin City Fire Ins. v. Employers Insurance of Wausau,* 124 F.R.D. 652, 653 (D. Nev. 1989)).

### C. A stay of discovery promotes fairness, efficiency, and judicial economy.

The Court has the broad discretionary power to control discovery in the matters before it to promote fairness, efficiency and judicial economy. It is the Parties' belief that the Motion for Entry of Default has meritorious arguments for and in opposition, that should be decided before continuing discovery. A brief stay will not unduly delay the proceedings in this matter and would serve the ends of justice.

### D. The Parties' Compliance with LR 26-1

The Parties have, in good faith, proceeded in accordance with the Local Rules, balancing compliance against conservation of resources. The relief requested in this Motion is made in good faith, not for the purpose of delay, and does not cause unfair prejudice to either side.

## V. CONCLUSION

Wherefore, the Parties request entry of an Order staying discovery for thirty (30) days following the date on which the Court enters its ruling on Plaintiff's Motions for Clerk's Entry of Default. (Doc 12, 13). In the alternative, the Parties request entry of an Order continuing all pending deadlines in this matter by thirty (30) days.

## ORDER

IT IS ORDERED that ECF No. 43 is GRANTED in part and DENIED in part. It is GRANTED to the extent that the Court will extend discovery deadlines by 30 days. It is DENIED in all other respects.

**IT IS SO ORDERED**

**DATED:** 4:37 pm, March 22, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

Respectfully submitted

| | |
|---|---|
| /s/ Susan M. Rotkis | /s/ Cami M. Perkins |
| Susan M. Rotkis *admitted pro hac vice* | Cami M. Perkins, Esq. NV Bar #9149 |
| PRICE LAW GROUP, APC | Steven E. Kish III, Esq., NV Bar #15257 |
| 2290 East Speedway Blvd. | HOWARD &HOWARD ATTORNEYS PLLC |
| Tucson, AZ 85719 | 3800 Howard Hughes Parkway, Suite 1000 |
| T: (818) 600-5506 | Las Vegas, NV 89169 |
| E: susan@pricelawgroup.com | T: (702) 257-1483 |
| | F: (702) 567-1568 |
| Steven A. Alpert, NV Bar # 8353 | E: cp@h2law.com |
| PRICE LAW GROUP, APC | E: cperkins@howardandhoward.com |
| 5940 S Rainbow Blvd, | E: sek@h2law.com |
| Las Vegas, NV 89118 | |
| T: (702) 794-2008 | *Attorneys for Defendants* |
| E: alpert@pricelawgroup.com | *Nationwide Capital Services, LLC d/b/a Structured Settlement and* |
| *Attorneys for Plaintiff* | *Anthony Guadagna* |
| *Natlie Hankerson* | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

/s/ Josefina Garcia