UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATALIE HANKERSON, | Case No. 2:21-CV-1229 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| NATIONWIDE CAPITAL SERVICES, et al., | |
| Defendant(s). | |

Presently before the court are plaintiff Natlie Hankerson's motions for entry of clerk's default against defendant Nationwide Capital Services d/b/a Structured Settlement ("Structured Settlement") and defendant Anthony Guadagna. (ECF Nos. 10; 11). Structured Settlement and Guadagna responded in opposition (ECF Nos. 20; 21), to which Hankerson replied (ECF Nos. 25; 26).

**I.  BACKGROUND**

This is a Fair Debt Collection Practices Act ("FDCPA") case in which Hankerson alleges that Structured Settlement attempted to collect an "illegal debt" in violation of the FDCPA. (ECF No. 5).[1]

The issue before the court is whether to grant Hankerson's motions and enter default against defendants who have since appeared in this matter and filed an answer to Hankerson's first amended complaint.

Though the motions before the court seek an order entering default against defendants, such an order would naturally spur dueling motions to set aside that default and

---

[1] Guadagna is the director of operations for Structured Settlement. (ECF No. 5 at 3).

**James C. Mahan**
**U.S. District Judge**

to enter default judgment. To preserve judicial resources and ensure that this matter proceeds on its merits, the court considers whether any entry of default would ultimately be set aside. As discussed below, the court finds that it would.

Therefore, the court DENIES Hankerson's motions, consistent with the following.

## II. LEGAL STANDARD

A clerk's entry of default is a required predicate step before one party can ultimately obtain a default judgment against another party. *See* Fed. R. Civ. P. 55(a). The clerk enters procedural default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." *Id.*; *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). A court may, however, "set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c).

To determine if good cause exists to set aside an entry of clerk's default, the court considers: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotations marks omitted). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.*

A defendant's conduct is culpable "if he has received actual or constructive notice of the filing and intentionally failed to answer." *Mesle*, at 615 F.3d. at 1092. "[T]o treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.*

All that is necessary to satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would constitute a defense. *Id.* at 1094. The question of whether a factual allegation is true is "not to be determined by the court when it decides the motion to set aside default." *Id.* Rather, this is more properly addressed in later litigation. Further, the burden on a party seeking to set aside a default is "not extraordinarily heavy." *Id.*

James C. Mahan
U.S. District Judge

- 2 -

To be prejudicial, the setting aside of a default "must result in greater harm than simply delaying resolution of the case." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001). It is obvious that "merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting [an entry of default]. For had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so." *Id.* Vacating an entry of default merely restores the parties to even footing. Id.

While the court considers the same factors prior to vacating an entry of default as it would a default judgment, the test is less stringent when a default judgment has not been entered. *See Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Indeed, "[t]he court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

**III.   DISCUSSION**

Defendants' counsel's behavior was indeed careless in defending the early stages of this lawsuit, but the court does not find the conduct "culpable." *Mesle*, 615 F.3d at 1091.

Structured Settlement initially failed to file a responsive pleading to Hankerson's complaint, but this was in part because Structured Settlement attempted to negotiate a settlement without counsel. These negotiations ultimately broke down and Structured Settlement did not obtain counsel until the final day of the deadline to file an answer. Structured Settlement notified Hankerson's counsel that Cami Perkins, of Howard & Howard, would be its counsel and Ms. Perkins initiated contact on the same day. (ECF No. 25-4 at 3). Ms. Perkins, however, failed to enter an appearance with the court for another two months. (ECF No. 15).[2]

Meanwhile, Hankerson filed a first amended complaint, adding Guadagna, director of operations for Structured Settlement, as a co-defendant, *inter alia*. (ECF No. 5). By this

---

[2] Notably, her appearance eventually came shortly after the motions for entry of clerk's default were filed. (ECF No. 5).

James C. Mahan
U.S. District Judge

- 3 -

time, both defendants remained unrepresented on the court's electronic filing system, thus Hankerson served each party via a registered agent or personally, pursuant to Federal Rule of Civil Procedure 4. (ECF Nos. 8; 9).

Again, defendants failed to file a timely responsive pleading; this time to Hankerson's first amended complaint. About a month later, Hankerson moved for entry of clerk's default against Structured Settlement and Guadagna. (ECF Nos. 10; 11). Shortly thereafter, the clerk entered default against both defendants, but apparently in error.[3] (ECF No. 14).

Ms. Perkins states that she did not file a responsive pleading because she relied on an email exchange with Hankerson's counsel at first contact, wherein she asked Hankerson's counsel to abstain from filing default and asked for a copy of the complaint and the affidavit of service.[4] (ECF No. 25-5 at 2). This email exchange was merely a unilateral request, not an agreement.[5]

And while Ms. Perkins's reliance on Hankerson's counsel for court documents was imprudent—she easily could have entered an appearance with the court and subsequently received notice of all case-related documents—the court does not find that it was culpable, or in bad faith. Defendants now appear to be defending the action in earnest, including successfully litigating a motion to strike before the magistrate (ECF No. 40), filing an

---

[3] The clerk clarified that the entries of default "were entered prematurely." (ECF No. 14).

[4] The parties dispute whether the complaint was ever sent to Ms. Perkins and Ms. Perkins claims it was Hankerson's counsel's responsibility to deliver the pleadings to her directly so that she could respond accordingly. (ECF No. 20 at 10). Ms. Perkins's improper reliance on Hankerson's counsel for court documents does not comport with the standards of receiving relevant case documents in federal court.

[5] In fact, Hankerson's counsel states that she "purposefully did not agree to Ms. Perkins [sic] request to not seek default." (ECF No. 25-1 at 4 ¶ 24). This was because she claims she became aware of numerous Federal Debt Collection Practices Act ("FDCPA") lawsuits against defendants. She claims to have noticed that "Guadagna and/or his debt collection agencies had an identifiable pattern of being sued, failing to answer or otherwise plead, and allowing default to be entered." (ECF No. 25-1 at 5 ¶ 30). While the court does not comment on any "identifiable pattern" in defendants' litigation strategy, after a brief search of the federal docket, the court corroborates that Structured Settlement and Guadagna each have more than 20 FDCPA lawsuits currently pending across the country.

James C. Mahan
U.S. District Judge

- 4 -

opposition to this motion for entry of clerk's default, and eventually filing an answer, though late.

Further, the court finds that defendants have "demonstrate[d] facts or law showing…that 'a sufficient defense is assertible.' " *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001) (citation omitted). The court finds this sufficient to satisfy the low burden for setting aside a default. *Mesle* 615 F. 3d at 1094.

Finally, Hankerson's only suggestion of prejudice if entry of default were vacated is "increased time and expenses in moving to strike defendants' untimely, deficient answer and being forced to expend time and resources in unnecessary discovery investigating Mr. Guadagna's meritless defenses." (ECF No. 25 at 5). But, as set forth above, "merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting [an entry of default]." *TCI*, 244 F.3d at 700. Thus, the court does not find prejudice to Hankerson if the default were to be vacated.

In sum, strong policy favors decisions on the merits, *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), and judgment by default is a drastic step reserved for extreme circumstances in which a party either fails to plead or otherwise defend themselves; or in which a party exhibits bad faith culpable behavior such as taking advantage of the opposing party, interfering with judicial decision-making, or otherwise manipulating the legal process. *Mesle*, 615 F.3d at 1092. None of those circumstances apply here. Thus, the court finds good cause exists to ultimately set aside any default as to defendants Structured Settlement and Guadagna.

. . .

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Hankerson's motions for entry of clerk's default against Structured Settlement and Guadagna (ECF Nos. 10; 11) be, and the same hereby are, DENIED.

DATED April 11, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**